UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSHUA ALEX VASQUEZ,

                            Plaintiff,

       v.                                        9:20-CV-0785
                                                          (TJM/CFH)

SCHENECTADY COUNTY
CORRECTIONAL FACILITY,

                            Defendant.

---

APPEARANCES:

JOSHUA ALEX VASQUEZ
25555
Plaintiff, pro se
Schenectady County Correctional Facility
320 Veeder Avenue
Schenectady, NY 12307

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

## I.   INTRODUCTION

Plaintiff Joshua Alex Vasquez commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. *See* Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application").[1] By Decision and Order entered on August 21, 2020, this Court granted plaintiff's IFP Application,

---

[1] Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 3. Plaintiff then timely filed his IFP Application, together with an inmate authorization form, and this action was re-opened. Dkt. Nos. 4, 5, 6.

but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief may be granted.  Dkt. No. 7 ("August 2020 Order").

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 8 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and August 2020 Order

In his original complaint, plaintiff asserted claims based on events that allegedly occurred while he was a pretrial detainee at Schenectady County Correctional Facility.  *See generally* Compl.  Plaintiff named only Schenectady County Correctional Facility as a defendant.  *See* Compl. at 1-2.

The complaint was construed to assert the following claims against the facility: (1) a First Amendment interference with mail claim; (2) a Fourteenth Amendment excessive force claim; and (3) a Fourteenth Amendment medical indifference claim.  *See* August 2020 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted.  *See* August 2020 Order at 7-8.

### B.    Overview of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b) was discussed at length in the August 2020 Order and it will not be restated in this Decision and Order.  *See* August 2020 Order at 2-4.

Plaintiff's amended complaint names the following individuals as defendants, along with Schenectady County: (1) Sheriff Dominic Dagostino; (2) Corrections Officer Jason Jendzeizyk; (3) Corrections Officer Matthew Hall; (4) Corrections Officer Charlie Chrowle; (5) Corrections Officer Smith; (6) Corrections Officer Malee; (7) Corrections Lieutenant Nealon; and (8) Doctor McPhillips.  Am. Compl. at 1-4.  The following facts are set forth as alleged by plaintiff in his amended complaint, or detailed in documents attached thereto.[2]

On January 20, 2020, plaintiff handed outgoing mail to defendant Corrections Officer Jason Jendzeizyk.  Dkt. No. 8-3 at 4.  The mail was never sent out for delivery.  *Id*. at 12.  Defendant Jendzeizyk violated "Penal Law 250.25 [by] tampering with communications[.]"  Am. Compl. at 6.

On March 31, 2020, at approximately 9:00 a.m., plaintiff "was assaulted by five correctional officers" when he was extracted from his cell.  Am. Compl. at 6; Dkt. No. 8-1 at 1.  As a result of the assault, plaintiff suffered "bad bruising and swelling" in his "legs and back[.]"  Am. Compl. at 6.  Plaintiff was issued a misbehavior report for the events that occurred on March 31, 2020.  Dkt. No. 8-3 at 13.

---

[2] Plaintiff submitted various documents with his amended complaint.  *See* Dkt. Nos. 8-1, 8-2, and 8-3.  Because these documents contain additional details regarding the events described in the amended complaint, the Court has included factual information contained in these documents as part of its summary of the relevant facts.  In doing so, however, the Court notes that statements made in documents attached to the amended complaint need not be, and have not been, accepted as true.  *See Gant v. Wallingford Bd. of Educ*., 69 F.3d 669, 674-75 (2d Cir. 1995) (holding that attachment of school superintendent's report as an exhibit to the complaint did not necessarily incorporate report into complaint in such manner as to accept all statements in report as true, including its exculpatory conclusions); *In re Interest Rate Swaps Antitrust Litig*., 261 F. Supp. 3d 430, 480-81 (S.D.N.Y. 2017) (adopting plaintiff's argument that "although a court can take notice of the fact of public filings and documents attached to or cited in a complaint, it [generally] may not consider these materials for 'the truth of the matters asserted'" (citation omitted)).

On April 10, 2020, plaintiff was seen by defendant Dr. McPhillips, who "claimed [plaintiff] was getting better" even though his injuries were worse. Am. Compl. at 6; Dkt. No. 8-1 at 2. Plaintiff told defendant McPhillips that his legs "have gotten nothing but worst [sic]" and requested photographs of his injuries. Dkt. No. 8-1 at 2. Defendant McPhillips advised plaintiff that "they don't do any of that" at the facility and excused him from "medical." *Id*. On April 13, 2020, plaintiff was brought back to "medical" for further evaluation. *Id*.

Liberally construed, the amended complaint asserts the following claims against the aforementioned defendants: (1) a First Amendment mail tampering claim against defendant Jendzeizyk; (2) Fourteenth Amendment excessive force claims against defendants Hall, Chrowle, Smith, Malee, and Nealon;[3] and (3) a Fourteenth Amendment medical indifference claim against defendant McPhillips.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

**1. Sheriff Dagostino**

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] Section 1983 plaintiff must

---

[3] The amended complaint does not identify which of the eight officials named as defendants were involved in the alleged use-of-force incident. However, defendants Dagostino and McPhillips are not alleged to be correctional officers. Moreover, the documents attached to the amended complaint show that defendant Jendzeizyk was involved in an incident regarding plaintiff's outgoing mail. Thus, the Court has assumed, for purposes of this Decision and Order only, that the remaining five defendants -- Hall, Chrowle, Smith, Malee, and Nealon -- were the five "correctional officers" involved in the alleged use-of-force incident.

'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to . . . § 1983 suits." *Iqbal* 556 U.S. at 676.

Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[4]

Plaintiff does not allege that defendant Dagostino directly participated in any of the alleged misconduct described in the amended complaint. *See generally*, Am. Compl. Rather, it appears plaintiff has named the Sheriff as a defendant solely because he is responsible for the jail, which, without more, is insufficient to plausibly suggest that he was personally involved in the alleged constitutional deprivations. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) (finding that dismissal of Section 1983 claim was proper where

---

[4] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal* ] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)). For purposes of this Decision and Order, the Court assumes that all five categories under *Colon* remain valid.

5

plaintiff did no more than allege defendant was in charge of the prison); *Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) (vague and conclusory allegations that a supervisor has failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability); *Houghton v. Cardone*, 295 F. Supp. 2d 268, 276 (W.D.N.Y. 2003) (dismissing complaint containing conclusory allegations that county sheriff "(1) failed to adequately train or supervise the officers; (2) knew about and tolerated the officers' allegedly unlawful behavior; and (3) 'failed to institute a proper system of review and reprimand' of his deputies so as to prevent the types of unlawful acts alleged here" - but offering no factual basis demonstrating sheriff's personal involvement); *Pravda v. City of Albany, N.Y.*, 956 F. Supp. 174, 182 (N.D.N.Y. 1997) (granting defendants' motion for judgment on the pleadings, where pro se plaintiff's "conclusory allegations" that county jail superintendent and county sheriff were responsible for setting county policy and supervising corrections officers who were involved in abuse were "insufficient to establish the personal involvement of these individual Defendants in Plaintiff's alleged constitutional deprivations.").

Accordingly, plaintiff's Section 1983 claims against Sheriff Dagostino in his individual capacity are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[5]

---

[5] Insofar as plaintiff intended to named Sheriff Dagostino as a defendant in his official capacity, an official capacity claim against a Sheriff is effectively a municipal liability claim against the County. *See Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) ("claim asserted against an individual in his official capacity . . . is in effect a claim against the governmental entity itself ... 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)); *Bryant v. Maffucci*, 923 F.2d 979, 986 (2d Cir. 1991) ("In bringing suit against defendants in their official capacities, Bryant has effectively brought suit against the governmental unit that employs them, Westchester County. . . . She must show the deprivation of her rights was caused by a policy that was deliberately indifferent to those rights. . . . . And, further she must demonstrate that the county made some deliberate choice, implemented through policy or custom, which is the moving force behind the

### 2. Schenectady County

The legal standard governing a municipal liability claim was discussed at length in the August 2020 Order and will not be restated herein. *See* August 2020 Order at 5-7.

As with the original complaint, the amended complaint does not allege any facts which plausibly suggest that any of the alleged wrongdoing that forms the basis of plaintiff's claims occurred pursuant to a policy or custom of the county or jail.

Accordingly, and for the reasons set forth in the August 2020 Order, plaintiff's Section 1983 claims against Schenectady County, and Sheriff Dagostino in his official capacity, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Mail Tampering Claim

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). The law is well-settled that mail may only be restricted to further "'one or more of the substantial governmental interests of security, order, and rehabilitation . . . [and] must be no greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Davis*, 320 F.3d at 351 (2d Cir. 2003) (quoting *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986)).

In *Washington v. James*, the Second Circuit found that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the

---

constitutional violation." (internal quotation marks and citations omitted)). Plaintiff's municipal liability claim is analyzed below.

tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Davis*, 320 F.3d at 351 (citing *Washington*, 782 F.2d at 1139); *see also Turner v. Safley*, 482 U.S. 78, 84-91 (1987) (prison regulations impinging constitutional rights must be "reasonably related to legitimate penological interests").

In this case, plaintiff does not allege that he was altogether prohibited from receiving or sending any mail. Rather, the allegations in the amended complaint plausibly suggest only that on one occasion, plaintiff's outgoing mail was not delivered by defendant Jendzeizyk. *See* Am. Compl. at 6. While the amended complaint fails to provide any details regarding the outgoing mail, why it was not delivered, or what happened to the mail, it appears from documents attached to the amended complaint that the mail was confiscated because it was addressed to a person whom plaintiff was prohibited from contacting pursuant to a court order. *See* Dkt. No. 8-3 at 2-4, 12. Thus, the Court has no basis to plausibly infer that defendant Jendzeizyk engaged in a practice of censorship, unjustified by a substantial government interest, when he apparently refused to deliver plaintiff's outgoing mail on one occasion.

Accordingly, plaintiff's mail tampering claim against defendant Jendzeizyk is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. Excessive Force Claims

Because plaintiff was a pretrial detainee at the time of the events giving rise to his claims, he "receive[d] protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment[.]" *Caiozzo v. Koreman*, 581 F.3d

8

63, 69 (2d Cir. 2009), *overruled on other grounds by Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2470-71 (2015).

In *Kingsley*, the Supreme Court distinguished between Eighth and Fourteenth Amendment excessive force claims, and held that a pretrial detainee need not demonstrate that an officer accused of using excessive force was subjectively aware that his use of force was unreasonable.  *See* 135 S.Ct. at 2470-71.  Rather, "to prove an excessive force claim, a pretrial detainee must show . . . only that the officers' use of that force was objectively unreasonable." *Id*. at 2473.[6]  In making that objective determination, the court must view the matter from "the perspective of a reasonable officer on the scene," and consider "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*.

"Additionally, claims for excessive force under the Fourteenth Amendment must involve force that is either 'more than de minimis' or 'repugnant to the conscience of mankind.'" *Lewis v. Huebner*, No. 17-CV-8101, 2020 WL 1244254, at *5 (S.D.N.Y. Mar. 16, 2020) (quoting *United States v. Walsh*, 194 F.3d 37, 48 (2d Cir. 1999) (citation and quotation marks omitted)); *see also Lynch v. City of New York*, ⎯⎯ F.3d ⎯⎯, 2020 WL 1036620, at *7-8 (2d Cir. Mar. 4, 2020) (explaining that "there is a de minimis level of imposition with

---

[6] This objectively reasonable standard is also applicable to excessive force claims brought under the Fourth Amendment.  *See, e.g., Jackson v. City of White Plains*, No. 05-CV-0491, 2015 WL 4739762, at *4 (S.D.N.Y. Aug. 7, 2015) ("[W]hether or not the Court applies the Fourteenth Amendment standard [to plaintiff's excessive force claim] . . . or the Fourth Amendment standard . . . , the outcome is now the same—Plaintiff's claim is to be analyzed using an objectively reasonable standard, without regard to the subjective intent of the Defendants.").

which the Constitution is not concerned," and therefore holding that a protestor who was detained for five hours and punitively denied food, drink, and access to a bathroom failed to state a Fourteenth Amendment claim (citation and quotation marks omitted)); *see also Graham v. Connor*, 490 U.S. 386, 396-98 (1989) (explaining that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment[,]" and that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional").

In this case, the amended complaint lacks any details regarding the manner or duration of force used against plaintiff, or the events that precipitated the use of force. Instead, plaintiff conclusorily alleges only that he "was assaulted by five correctional officers[.]" Am. Compl. at 6. Moreover, with respect to plaintiff's injuries, the amended complaint alleges only that plaintiff suffered "bad bruising and swelling" in his "legs and back" as a result of the use of force incident, without any details regarding the duration of these injuries, plaintiff's level of pain, or ensuing limitations on his day-to-day activities. *Id.*

In light of the conclusory nature of the allegations in the amended complaint, the Court has no basis to plausibly infer that the force allegedly used against plaintiff was objectively unreasonable. Accordingly, plaintiff's excessive force claims against defendants Hall, Chrowle, Smith, Malee, and Nealon are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 5. Medical Indifference Claim

To state a claim for deliberate indifference to serious medical needs, a pretrial

detainee must satisfy a two-pronged test.  First, "the alleged deprivation of adequate medical care must be 'sufficiently serious.'"  *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 717 (S.D.N.Y. 2017) (quoting *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 139 (2d Cir. 2013)).  Second, the defendant must act with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

The objective prong requires "that the alleged deprivation of medical treatment is, in objective terms, 'sufficiently serious'—that is, the prisoner must prove that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)).  To determine whether inadequate care is "sufficiently serious," a court must "examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  "Where a plaintiff alleges that inadequate care was provided—instead of alleging a failure to provide any treatment—the inquiry focuses on 'the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract.'" *Revels v. Corr. Med. Care, Inc.*, No. 9:17-CV-0088 (MAD/TWD), 2018 WL 1578157, at *4 (N.D.N.Y. Mar. 28, 2018) (quoting *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003)); *see also Ray v. Zamilus*, No. 13-CV-2201, 2017 WL 4329722, *8 (S.D.N.Y. Sept. 27, 2017) (finding that where a "plaintiff suffered from a delay in treatment, rather than a complete lack of treatment, the objective element must be satisfied by harm that resulted from the delay").

"Until very recently, the second, or mens rea, prong—the defendant's 'sufficiently

11

culpable state of mind'—was assessed subjectively in claims brought under both the Eighth and the Fourteenth Amendments." *Davis v. McCready*, 283 F. Supp. 3d 108, 116 (S.D.N.Y. 2017) (quoting *Spavone*, 719 F.3d at 138).  However, in light of the Supreme Court's ruling in *Kingsley v. Hendrickson*, -- U.S. --, 135 S.Ct. 2466 (2015), "the mens rea prong of a deliberate indifference claim brought by a pretrial detainee is now to be assessed objectively." *Id*. at 117; *Lloyd*, 246 F.Supp.3d at 719.  Thus, "rather than ask whether the charged official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety,' courts are to instead determine whether the official 'knew, or should have known' that his or her conduct 'posed an excessive risk to health or safety.'" *Lloyd*, 246 F. Supp. 3d at 719 (quoting *Darnell*, 849 F.3d at 33, 35).

In this case, the amended complaint alleges only that plaintiff was evaluated by defendant McPhillips following the use-of-force incident, and defendant McPhillips "claimed [plaintiff] was getting better" even though he was not.  Am. Compl. at 6.  The amended complaint lacks any details regarding the nature of plaintiff's injuries, the number of times he was evaluated for his injuries, the treatment he received for his injuries, if any, or how his condition worsened over time.  Moreover, the documents attached to the amended complaint fail to provide any specific details regarding (1) plaintiff's medical condition following the alleged use-of-force, including the nature of his injuries or physical complications, or (2) the treatment defendant McPhillips provided or refused to provide.  Thus, the Court has no basis to plausibly infer either that plaintiff was suffering from a sufficiently serious condition following the alleged use-of-force incident, or that defendant McPhillips denied plaintiff adequate medical care.

Accordingly, plaintiff's medical indifference claim against defendant McPhillips is

12

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D.     Nature of Dismissal

Based upon the foregoing, the Court finds that the amended complaint fails to state one or more claims upon which relief may be granted by this Court.  The Court, however, is mindful that certain of plaintiff's claims were asserted for the first time in his amended complaint.  In light of this, and plaintiff's pro se status, the Court will afford him a final opportunity to file an amended complaint not inconsistent with this decision.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the operative pleading in its entirety.  Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated his constitutional rights.

Plaintiff is forewarned that if he fails to submit a second amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall add Schenectady County and the following individuals

13

to the docket as a defendants: (1) Sheriff Dominic Dagostino; (2) Corrections Officer Jason Jendzeizyk; (3) Corrections Officer Matthew Hall; (4) Corrections Officer Charlie Chrowle; (5) Corrections Officer Smith; (6) Corrections Officer Malee; (7) Corrections Lieutenant Nealon; and (8) Doctor McPhillips; and it is further

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file a second amended complaint **within thirty (30) days** of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED** that upon the filing of a second amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless

otherwise ordered by the Court.  Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: November 3, 2020
       Binghamton, NY

Thomas J. McAvoy
Senior, U.S. District Judge